(83 Misc. Rep. 428)
### CITY OF NEW YORK v. NORWOOD.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

MUNICIPAL CORPORATIONS (§ 633*)—BUILDING REGULATIONS—VIOLATIONS.

The provisions that all entrances to elevator cars must be provided with gates established by the superintendent of buildings for the borough of Manhattan do not render the life beneficiary of the rents and profits of premises in which an elevator is situated under a deed of trust, vesting the legal title in the trustee, liable for the penalty for violating the regulations.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1390–1399;  Dec. Dig. § 633.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the City of New York against Carlisle Norwood. From a judgment for plaintiff and from an order denying a new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Norwood & Marden, of New York City (Carlisle Norwood, of New York City, of counsel), for appellant.

Archibald R. Watson, of New York City (John F. O'Brien and John P. Morris, both of New York City, of counsel), for respondent.

SEABURY, J.   The city of New York brought this action to recover a penalty of $250, under section 150 of the Building Code of the City of New York, for a violation of section 101 of the Building Code and section 9 of the Elevator Regulations, as established by the superintendent of buildings for the borough of Manhattan.   The alleged violation was the defendant's failure to install a gate upon a certain passenger elevator car in a certain apartment house in the city of New York, title to which the defendant, by deed of trust executed in 1907, had transferred to the New York Trust Company.

The legal title to the premises in question having been vested under the deed of trust in the New York Trust Company, the defendant is not liable for the absence of the gate upon the elevator car.   Section 9 of the Elevator Regulations provides that "all entrances to elevator cars must be provided with substantial folding or sliding gates or doors."   The superintendent of buildings, attempting to act under the provisions of the section quoted, caused a notice to be served upon the defendant directing that "said elevator must be made safe forthwith by having gate put on the west side of the car."

The notice served upon the defendant was of no significance unless it was served pursuant to the provisions of section 9 of the Elevator Regulations.   The provisions of that section have no application to one who is merely the life beneficiary of the rents and profits of the premises in which the elevator car is situated, under a deed of trust which vests the legal title to the premises and the power of control over said premises in another as trustee.   In view of this conclusion, it is unnec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

essary to discuss the other questions referred to in the briefs submitted by counsel.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.